# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DAVID KEELING,                                    Case No. 1:12-cv-156
     Petitioner,

                                    Spiegel, J.
     vs.                                          Wehrman, M.J.

WARDEN, WARREN                                   **REPORT AND**
CORRECTIONAL INSTITUTION,                        **RECOMMENDATION**
     Respondent.

Petitioner, an inmate in state custody at the Warren Correctional Institution in Lebanon, Ohio, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.   This matter is before the Court on the petition, respondent's return of writ, and petitioner's reply. (Docs. 1, 13, 21).

## I.      PROCEDURAL HISTORY

### State Trial Proceedings and Appeal

On July 24, 2008, the Hamilton County, Ohio, grand jury returned an eleven count indictment charging petitioner with five counts of aggravated robbery, four counts of robbery, and two counts of having weapons while under disability.   (Doc. 13, Ex. 1).   On July 29, 2008, after initially entering a not-guilty plea, petitioner withdrew his not-guilty plea and plead guilty to five counts of aggravated robbery, including five firearm specifications, four counts of robbery and one count of having weapons while under disability.   (Doc. 13, Ex. 2).

On August 8, 2008, petitioner, through counsel, filed a motion to withdraw his guilty plea. (Doc. 13, Ex. 3).   Counsel also filed a motion to withdraw from representation.   (Doc. 13, Ex. 4). On August 19, 2008, the trial court granted the motion to withdraw from representation, appointed petitioner new counsel, and scheduled a hearing on petitioner's motion to withdraw his guilty plea. (*See* Doc. 13, Transcript pp. 13-22).   On September 8, 2008, the trial court overruled petitioner's

motion to withdraw his guilty plea.   *Id.* at 12.

Petitioner was sentenced to a total aggregate sentence of nineteen (19) years in the department of corrections.   (Doc. 13, Ex. 5).   Petitioner's robbery convictions were merged with his aggravated robbery convictions for the purpose of sentencing.   *See id.* at 3.   Petitioner received three years of imprisonment for each of the five aggravated robbery convictions; three years of imprisonment for each of the five firearm specifications; and one year of imprisonment for the having weapons while under disability conviction.   All sentences were to be served consecutively, excluding the sentences for his firearm specification convictions, which were to be served concurrently to each other and consecutively to all other sentences.

On September 30, 2008, petitioner, through counsel, filed a notice of appeal to the Ohio Court of Appeals.   (Doc. 13, Ex. 6).   Counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) on petitioner's behalf, noting that "after a comprehensive review of the complete record, appellate counsel is unable to find error which would entitle appellant to relief."   (Doc. 13, Ex. 9).   Petitioner also filed a pro se notice of appeal on October 15, 2008.   (Doc. 13, Ex. 7).   On October 24, 2008, the Ohio Court of Appeals *sua sponte* consolidated the notices of appeal into one appellate case.   (Doc. 13, Ex. 8).

On July 15, 2009, the Ohio Court of Appeals affirmed the judgment of the trial court. (Doc. 13, Ex. 11).

Petitioner did not appeal the Ohio Court of Appeals' decision to the Ohio Supreme Court.

### Application to Reopen Direct Appeal

On September 21, 2009, petitioner filed a pro se application to reopen his appeal pursuant to Ohio App. R. 26(B).   (Doc. 13, Ex. 12).   Petitioner argued that his appellate counsel was

ineffective for failing to raise the following three assignments of error:

1. The trial court erred to the prejudice of Defendant-Appellant by failing to conduct an allied offense hearing pursuant to R.C. 2941.25(A) and (B), upon accepting his guilty plea.

2. The trial court committed plain error by imposing multiple convictions and sentences for allied offenses of similar import.

3. Defendant-Appellant was denied his Sixth Amendment right to effective assistance of counsel as a result of counsel's failure to object to the sentence imposed by the trial court because it violated R.C. 2941.25(A).

*Id*. On May 25, 2010, the Ohio Court of Appeals denied petitioner's application. (Doc. 13, Ex. 14).

Petitioner appealed the Ohio Court of Appeals' decision to the Ohio Supreme Court on June 30, 2010. (Doc. 13, Ex. 15). In his memorandum in support of jurisdiction, petitioner raised the following three propositions of law:

1. A defendant is denied the effective assistance of appellate counsel when counsel fails to assign as error the trial court's failure to conduct allied offense hearing pursuant to R.C. 2941.25(A) and (B), upon accepting a defendant's guilty pleas of multiple counts of aggravated robbery which involved different victims.

2. A defendant is denied the effective assistance of appellate counsel when counsel fails to assign as error the trial court's multiple convictions and sentences for allied offenses of similar import in violation of the Double Jeopardy Clause to both the State and United States Constitution.

3. A defendant is denied the effective assistance of appellate counsel when counsel fails to assign as error trial counsel's ineffectiveness in failing to object to the trial court's multiple convictions and sentences for allied offenses of similar import.

(Doc. 13, Ex. 16).

On August 25, 2010, the Ohio Supreme Court dismissed petitioner's appeal "as not involving any substantial constitutional question." (Doc. 13, Ex. 17).

**Application for Reconsideration**

On April 11, 2011, petitioner filed a "motion for enlargement of time to file an application for reconsideration and motion to file application for reconsideration instanter" in the Ohio Court of Appeals.  (Doc. 13, Ex. 18).   Petitioner asked the appeals court to permit him to file an untimely application for reconsideration of his direct appeal in light of the Ohio Supreme Court's decision in *State v. Johnson*, 942 N.E.2d 1061 (Ohio 2010).   On May 4, 2011, the Ohio appellate court granted petitioner's motion for enlargement of time to file an application for reconsideration but overruled the application.  (Doc. 13, Ex. 20).

Petitioner filed a pro se appeal from the decision to the Ohio Supreme Court on June 9, 2011.  (Doc. 13, Ex. 21).   On October 5, 2011, the Ohio Supreme Court declined jurisdiction to hear petitioner's case and dismissed the appeal "as not involving any substantial constitutional question."  (Doc. 13, Ex. 23).

**Federal Habeas Corpus**

Petitioner filed the instant federal habeas corpus petition on February 22, 2012.   In the petition, petitioner raises the following two grounds for relief:

> **GROUND ONE:** Sentencing violated guarantee against double jeopardy and also violated due process under the United States Constitution.
>
> **GROUND TWO:** Petitioner denied effective assistance of counsel on appeal thereby violating his Sixth Amendment Rights.

(Doc. 1).

Respondent has filed a return of writ arguing that the petition should be denied.   (Doc. 13).  Respondent contends that petitioner procedurally defaulted his first ground for relief and that both grounds for relief are without merit.

4

## II.     THE PETITION SHOULD BE DENIED.

In this federal habeas case, the applicable standard of review governing the adjudication of the constitutional claims that were raised to and decided by the Ohio courts is set forth in 28 U.S.C. § 2254(d).   Under that provision, a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits by the state courts unless the adjudication either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."   *Otte v. Houk,* 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000)), *cert. denied*, 132 S.Ct. 1743 (2012).   "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'"   *Id.* at 599-600 (quoting *Williams,* 529 U.S. at 413).

The statutory standard, established when the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was enacted, is a difficult one for habeas petitioners to meet.   *Id.* at 600. As the Sixth Circuit explained in *Otte*:

> Indeed, the Supreme Court has been increasingly vigorous in enforcing AEDPA's

standards.  *See, e.g., Cullen v. Pinholster,* ___ U.S. ___, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011) (holding that AEDPA limits a federal habeas court to the record before the state court where a claim has been adjudicated on the merits by the state court).  It is not enough for us to determine that the state court's determination is *incorrect*; to grant the writ under this clause, we must hold that the state court's determination is *unreasonable*. . . .  This is a "substantially higher threshold.". . .  To warrant AEDPA deference, a state court's "decision on the merits" does not have to give any explanation for its results, *Harrington v. Richter,* U.S. ___, 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011), nor does it need to cite the relevant Supreme Court cases, as long as "neither the reasoning nor the result of the state-court decision contradicts them."  *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam).

*Id.* (emphasis in original).   The Supreme Court recently extended its ruling in *Harrington* to hold that when a state court rules against a defendant in an opinion that "addresses some issues but does not expressly address the federal claim in question," the federal habeas court must presume, subject to rebuttal, that the federal claim was "adjudicated on the merits" and thus subject to the "restrictive standard of review" set out in § 2254(d).  *See Johnson v. Williams*, ___ S.Ct. ___, No. 11-465, 2013 WL 610199, at *3 (U.S. Feb. 20, 2013).

Although the standard is difficult to meet, § 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings" and "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents."  *Harrington*, 131 S.Ct. at 786.   In other words, to obtain federal habeas relief under that provision, the state prisoner must show that the state court ruling on the claim presented "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Id.* at 786-87.

The Supreme Court has made it clear that in assessing the merits of a constitutional claim under § 2254(d), the federal habeas court must apply the Supreme Court precedents that controlled

6

at the time of the last state-court adjudication on the merits, as opposed to when the conviction

became "final."  *Greene v. Fisher*, ___ U.S. ___, 132 S.Ct. 38, 44-45 (2011); *cf. Otte*, 654 F.3d at

600 (citing *Lockyer v. Andrade,* 538 U.S. 63, 71-72 (2003)) (in evaluating the merits of a claim

addressed by the state courts, the federal habeas court must "look to Supreme Court cases already

decided at the time the state court made its decision").   In *Greene*, 132 U.S. at 44, the Court

explained:

> [W]e held last term in *Cullen v. Pinholster*, 563 U.S. ___, 131 S.Ct. 1388, 179
> L.Ed.2d 557 (2011), that review under § 2254(d)(1) is limited to the record that was
> before the state court that adjudicated the prisoner's claim on the merits.   We said
> that the provision's "backward-looking language requires an examination of the
> state-court decision at the time it was made." *Id.*, at ___, 131 S.Ct. at 1398.   The
> reasoning of *Cullen* determines the result here.   As we explained, § 2254(d)(1)
> requires federal courts to "focu[s] on what a state court knew and did," and to
> measure state-court decisions *as of 'the time the state court renders its decision.*'"
> *Id.*, at ___, 131 S.Ct. at 1399 (quoting *Lockyer v. Andrade,* 538 U.S. [at] 71-72 . . .;
> emphasis added).

Decisions by lower courts are relevant "to the extent [they] already reviewed and

interpreted the relevant Supreme Court case law to determine whether a legal principle or right had

been clearly established by the Supreme Court."   *Otte*, 654 F.3d at 600 (quoting *Landrum v.

Mitchell*, 625 F.3d 905, 914 (6th Cir. 2010), *cert. denied,* 132 S.Ct. 127 (2011)).   The writ may

issue only if the application of clearly-established federal law is objectively unreasonable "in light

of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the

relevant state court decision."   *McGhee v. Yukins,* 229 F.3d 506, 510 (6th Cir. 2000) (citing

*Williams,* 529 U.S. at 412).

   A.  **Grounds One and Two are without merit.**

In Ground One petitioner contends that his multiple convictions for aggravated robbery

resulted in a double jeopardy violation.   In Ground Two, he argues that his appellate counsel was

7

ineffective for failing to raise the double jeopardy claim on appeal.

As noted above, petitioner raised his double jeopardy claim in his application to reopen his direct appeal, arguing that appellate counsel was ineffective for failing to raise the claim on appeal. In dismissing the assignment of error, the Ohio Court of Appeals found the claim without merit because each count involved a different victim:

> An application to reopen an appeal must be granted if the applicant establishes "a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." The United States Supreme Court's decision in *Strickland v. Washington* provides the standard for determining whether the applicant was denied the effective assistance of appellate counsel. The applicant must prove "that his counsel [performed] deficient[ly] [in] failing to raise the issues he now presents and that there was a reasonable probability of success had [counsel] presented those claims on appeal."

> In his application, Keeling contends that he was denied the effective assistance of counsel because his appellate counsel failed to submit assignments of error challenging the trial court's failure to conduct an "allied offenses hearing," as well as the court's imposition of, and his trial counsel's failure to object to the imposition of, separate prison terms upon his guilty pleas to five counts of aggravated robbery.

> R.C. 2941.25 did not preclude the trial court from sentencing Keeling on each aggravated-robbery count because the record shows that each count involved a different victim. Consequently, the proposed assignments of error would have provided no prospect of success. And appellate counsel was not ineffective in failing to advance them on appeal.

> Keeling has thus failed to demonstrate a genuine issue as to whether he has a colorable claim of ineffective assistance of counsel on appeal. Accordingly, the court denies his application to reopen his appeals.

(Doc. 13, Ex. 14).

The Double Jeopardy Clause protects against "multiple punishments for the same offense" imposed in a single proceeding. *Missouri v. Hunter,* 459 U.S. 359, 366 (1983) (quoting *North Carolina v. Pearce,* 395 U.S. 711, 717 (1969)). The protection is limited to ensuring that

"sentencing courts do not exceed, by the device of multiple punishments, the limits prescribed by the legislative branch of government, in which lies the substantive power to define crimes and prescribe punishments."  *Jones v. Thomas,* 491 U.S. 376, 381 (1989); *see also Ohio v. Johnson,* 467 U.S. 493, 499 (1984); *Brown v. Ohio,* 432 U.S. 161, 165 (1977).   Therefore, "the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent."  *Johnson,* 467 U.S. at 499; *see also Palmer v. Haviland,* 273 F. App'x 480, 484 (6th Cir. 2008) (unlike other double jeopardy protections prohibiting re-prosecution for the same offense, "the multiple punishments category of double jeopardy is primarily one of legislative intent").

In the federal courts, the test established in *Blockburger v. United States,* 284 U.S. 299, 304 (1932), is normally used to determine whether two offenses are sufficiently different to allow the imposition of cumulative punishment.   *Johnson,* 467 U.S. at 499 n.8; *see also Brown,* 432 U.S. at 166.   However, the *Blockburger* test, a rule of statutory construction for federal statutes, does not necessarily control the inquiry into the intent of a state legislature.   *Johnson,* 467 U.S. at 499 n.8; *see also Volpe v. Trim,* 708 F.3d 688, 696 (6th Cir. 2013); *Banner v. Davis,* 886 F.2d 777, 780-82 (6th Cir. 1989).   Instead, when assessing the intent of a state legislature, the federal courts must defer to and are bound by the state courts' construction of their own statutes.   *Hunter,* 459 U.S. at 368 (citing *O'Brien v. Skinner,* 414 U.S. 524, 531 (1974)); *see also Johnson,* 467 U.S. at 499; *Brown,* 432 U.S. at 167; *Volpe*, 708 F.3d at 697 (and cases cited therein); *Banner,* 886 F.2d at 780. A state legislature may create substantive crimes and punishments that overlap to some degree without violating the Double Jeopardy Clause.   Therefore, "[e]ven if the crimes are the same under *Blockburger,* if it is evident that a state legislature intended to authorize cumulative

punishments [for them, the federal] court's inquiry is at an end." *Volpe*, 708 F.3d at 696-97 (quoting *Johnson,* 467 U.S. at 499 n.8).

In Ohio, the legislature's intent in the multiple punishment area may be discerned from Ohio Rev. Code § 2941.25, which was enacted "to prevent 'shotgun' convictions" or, in other words, "multiple findings of guilt and corresponding punishments . . . for closely related offenses arising from the same occurrence." *See State v. Johnson*, 942 N.E.2d 1061, 1064-65 & n.2, 1069 (Ohio 2010) (citing *State v. Botta*, 271 N.E.2d 776 (Ohio 1971), and *State v. Logan*, 397 N.E.2d 1345 (Ohio 1979), and quoting Legislative Service Commission comments to § 2941.25); *see also Volpe,* 708 F.3d at 697. *Cf. State v. Brown*, 895 N.E.2d 149, 153 (Ohio 2008) (pointing out that the standards set forth in Ohio's multiple-count statute "answered both the constitutional and state statutory inquiries regarding the General Assembly's intent to permit cumulative punishments for the same conduct"). The statute provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

Ohio Rev. Code § 2941.25. The statutory provision permits the trial court to convict and impose cumulative sentences for two or more offenses arising from the same incident if the offenses (1) are of dissimilar import; or (2) are of similar import, but were committed separately or with separate animus. *Brown*, 895 N.E.2d at 153.

In this case, petitioner contends that his multiple convictions for aggravated robbery

resulted in a double jeopardy violation because he claims his conduct involved a single animus. (Doc. 1, Attachment pp. 2-3; Doc. 21, p. 4).   In petitioner's view, his convictions resulted from a single course of conduct, carried out with a single intent to rob the Boy Scouts of America.   *Id.* However, as the Ohio Court of Appeals observed in denying petitioner's application to reopen, the indictment in petitioner's case charged him with committing aggravated robbery against five separate victims.[1]   The indictment charged petitioner with having a firearm during the theft of currency from the Boy Scouts of America, John Hancock Sr., Jack Donaldson Sr., John Hancock Jr., and Jackson Donaldson Jr..   (Doc. 13, Ex. 1).   The Ohio appellate court analyzed Ohio Rev. Code § 2941.25 and found that the state legislature intended to authorize multiple offenses and punishments for separate victims of aggravated robbery.[2]   Therefore, the court concluded the imposition of separate convictions and punishments for each victim did not violate petitioner's rights against double jeopardy.   Because the state court "clearly answered the question of legislative intent," this federal court may not re-examine that issue.   As explained by the Sixth Circuit in *Palmer*:

> "For the purpose of double jeopardy analysis, once a state court has determined that the state legislature intended cumulative punishments, a federal habeas court must defer to that determination."   [*Banner v. Davis*,] 886 F.2d 777, 780 (6th Cir. 1989). We cannot independently apply typical rules of statutory construction, including the *Blockburger* test, to a state statute and conclude that the state courts were wrong in their reading of legislative intent.   *McCloud v. Deppisch*, 409 F.3d 869, 875 (7th Cir. 2005) ("The state court's use of the Supreme Court's *Blockburger* test does not give a toehold into its examination of legislative intent. . . .   [The *Blockburger* test] is not a constitutional test in and of itself.   Rather, it is simply a means of

---

[1] Ohio's aggravated robbery statute states that "No person, in attempting or committing a theft offense . . . , or in fleeing immediately after the attempt or offense, shall do any of the following: (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it."   Ohio Rev. Code § 2911.01(A)(1).

[2] In reaching its decision, the court cited to *State v. Jones*, 480 N.E.2d 408 (Ohio 1985), where the Ohio Supreme Court observed that "the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent."   *Jones*, 480 N.E.2d at 118 (quoting *Ohio v. Johnson*, 476 U.S. at 499).

11

evaluating legislative intent.").   As long as the state court has concluded that the legislature intended cumulative punishment, this court is bound by that conclusion.

*Palmer,* 273 F. App'x at 486.

This federal court must defer to the state appellate court's conclusion that the state legislature intended to impose cumulative punishments for crimes involving different victims. "Whether the state court's reading was in some sense 'correct' [i]s beyond the federal court's 'purview as an interpretation of state law.'"   *Palmer*, 273 F. App'x at 486 (citation omitted). Therefore, this Court's inquiry is at an end.   *See Johnson,* 467 U.S. at 499 n.8; *Volpe*, 708 F.3d at 696-97.

The undersigned concludes that the Ohio Court of Appeals' adjudication of the double jeopardy issue is neither contrary to nor an unreasonable application of Supreme Court precedents governing the resolution of petitioner's constitutional claim.   *See Hunter,* 459 U.S. at 368; (1974)); *see also Johnson,* 467 U.S. at 499; *Brown,* 432 U.S. at 167; *O'Brien,* 414 U.S. at 531. Accordingly, petitioner is not entitled to habeas relief based on Ground One of petition.   Because the underlying double jeopardy claim was itself without merit, the Ohio Court of Appeals also reasonably determined that appellate counsel was not ineffective for failing to raise the meritless claim on appeal.   *See Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008) ( "if the underlying substantive claims have no merit, the applicant cannot demonstrate that counsel was ineffective for failing to raise those claims on appeal")*.*   Petitioner is therefore not entitled to habeas relief on Ground Two of the petition.

Accordingly, in sum, petitioner's petition for a writ of habeas corpus should be **DENIED** with prejudice.

12

## IT IS THEREFORE RECOMMENDED THAT:

1.   Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

2.    A certificate of appealability should not issue with respect to the grounds for relief set forth in the petition, which were addressed on the merits herein, because petitioner has not stated a "viable claim of the denial of a constitutional right" or that the issues presented are "adequate to deserve encouragement to proceed further."   *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (*citing Barefoot v. Estelle*, 463 U.S. 880, 893 & n. 4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

3.   With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.   *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: <u>July 18, 2013</u>                     <u>s/ J. Gregory Wehrman</u>
                                        J. Gregory Wehrman
                                        United States Magistrate Judge

13

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DAVID KEELING,                                    Case No. 1:12-cv-156
       Petitioner,

                                   Spiegel, J.
       vs.                                         Wehrman, M.J.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,
       Respondent.


## NOTICE


Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.    This period may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.   If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

14