```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

DAVID KEELING,                   :
                                 :           NO. 1:12-cv-00156
         Petitioner,             :
                                 :
    v.                           :           **OPINION AND ORDER**
                                 :
WARDEN, WARREN CORRCTIONAL       :
INSTITUTION,                     :
                                 :
         Respondent.             :


This matter is before the Court on the July 18, 2013 Report and Recommendation of Magistrate Judge J. Gregory Wehrman (doc. 22), to which Petitioner has objected (doc. 28).[1]  For the

---

[1] Within the fourteen-day period in which to object, specifically on July 21, 2013, Petitioner certified that he mailed to the Clerk's office a motion for a sixty (60)-day extension of time (see doc. 25 at 3).  That motion, however, was not filed and docketed by the Clerk until August 1, 2013.  In the meantime, on July 28, 2013, Petitioner filed within the Warren Correctional Institution's electronic filing system a "Petition for Rehearing" (see doc. 24 at 4) that, in turn, was e-mailed to the Clerk the same day and docketed the next.  While this Court construed Petitioner's "Petition for Rehearing" as his objections to the Magistrate's Report and Recommendation, out of an abundance of caution and so as to avoid any prejudice to Petitioner, on August 6, 2013 we granted his then-pending motion for a sixty (60)-day extension of time, to through and including October 4, 2013 (doc. 26).  Thereafter, in a letter to the Clerk dated August 14, 2013, later filed and docketed on August 19, 2013, Petitioner asked the Court to proceed without any further filings on his part, inasmuch as we recognized his July 28 "petition" to in fact be his objections (doc. 27).  Then, out of the blue, Petitioner filed a pleading titled "Objection to the Magistrate Judge's recommendation" which, as before, was scanned at the Warren Correctional Institution and e-mailed to the

1

reasons set forth below, we ACCEPT the recommendation of the Magistrate Judge and DENY Petitioner's petition.

## I. Background and the Magistrate Judge's Report & Recommendation

Petitioner and two other men were accused of using a sawed-off shotgun to rob a Christmas tree sale sponsored by the Boy Scouts of America in December 2007. Two fathers and their minor sons were staffing the sale. Thereafter Petitioner was indicted on five counts of Aggravated Robbery (with each count including two firearm specifications), four counts of Robbery (with each count again including two firearm specifications), and one count of Having Weapons While Under Disability (see doc. 13-1, Exh. 1). Initially he pled not guilty, but, on July 29, 2008, entered a guilty plea to all five counts of Aggravated Robbery (and five of the ten firearm specifications), all four counts of Robbery (with all firearm specifications dismissed) and the one count of Having Weapons While Under Disability (see doc. 13-1, Exh. 2).

Petitioner later filed a motion to withdraw his guilty plea on August 8, 2008 (doc. 13-1, Exh. 3). At the same time, his counsel filed a motion to withdraw from representation (doc. 13-

---

Clerk's office on September 23, 2013 (see doc. 28). Review and comparison of doc. 28 with doc. 24 reveals that they are identical in content save for certain minor (and inconsequential) differences in punctuation. To say the least, this Court regards this matter to be fully briefed and ripe for consideration.

1, Exh. 4), which the trial court reluctantly granted (doc. 13-3, Transcript of 8-19-08). New counsel was appointed, and, after a hearing, Petitioner's motion to withdraw his plea was denied (doc. 13-4, Transcript of 9-8-08 pp. 1-12) and he was sentenced to an aggregate prison sentence of nineteen years, consisting of three years for each of the five Aggravated Robbery convictions, to run consecutively; three years for each of the five firearm specifications, to run concurrently to each other and consecutively to the other sentences; and one year for Having Weapons While Under Disability, to run consecutively to the other sentences (doc. 13-1, Exh. 5 & 13-4, Transcript of 9-8-08 pp. 12-20).

Petitioner filed a <u>pro se</u> notice of appeal (doc. 13-1, Exh. 7). His appellate counsel likewise filed a notice of appeal (doc. 13-1, Exh. 6) and a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), in which she declared that, "[a]fter reviewing the entire record, counsel can find no meritorious error to raise based on Appellant's guilty plea and sentence[,]" and then asked the appellate court to itself "review the transcript of the trial court proceedings and entire record to come to its own determination whether or not the trial court committed reversible error" (doc. 13-1, Exh. 9 at 8-9). These notices were consolidated into one case (doc. 13-1, Exh. 8), and, on October 24, 2008, the Court of Appeals, First

3

Appellate District, Hamilton County affirmed the judgment of the trial court (doc. 13-1, Exh. 11). Petitioner did not appeal this judgment entry to the Supreme Court of Ohio. However, he did file an application to reopen his direct appeal under Ohio App. R. 26(B) (doc. 13-1, Exh. 12), which was denied (doc. 13-1, Exh. 14). Petitioner then appealed this denial to the Supreme Court of Ohio (doc. 13-1, Exhs. 15, 16), which was dismissed on August 25, 2010 "as not involving any substantial constitutional question[]" (doc. 13-1, Exh. 17).

On April 11, 2011, Petitioner sought leave of court to file—out of time—an application for reconsideration of his direct appeal in light of State v. Johnson, 128 Ohio St. 3d 153, 2010-Ohio-6314, 942 N.E.2d 1061 (see doc. 13-1, Exhs. 18, 19). Petitioner's request for an enlargement of time was granted, but the application itself was overruled on the merits (doc. 13-1, Exh. 20). Petitioner appealed to the Supreme Court of Ohio (doc. 13-1, Exh. 21, 22), which, as before, dismissed the appeal "as not involving any substantial constitutional question[]" (doc. 13-1, Exh. 23).

Petitioner then filed the instant federal habeas corpus petition, raising two grounds for relief. The first asserts that his sentence violated both the guarantee against double jeopardy and his right to due process (doc. 1 at 5, 16). The second claims that he was denied effective assistance of counsel

4

because his attorney failed to raise the putative double jeopardy violation on appeal (doc. 1 at 7, 17). Respondent answers that Petitioner has procedurally defaulted his first ground for relief, and, in any event, both grounds are without merit; thus, the writ should not issue (see doc. 13 at 6-23). The Magistrate Judge did not address Respondent's procedural default argument, but rather devoted his report to the substance of Petitioner's constitutional claims (see doc. 22 at 7-13).

Simply stated, Petitioner argues in Ground One that his five convictions for Aggravated Robbery resulted in a double jeopardy violation, and, in Ground Two, that his appellate counsel was ineffective for failing to raise this alleged violation on direct appeal. The Magistrate Judge referenced Petitioner's Rule 26(B) application to reopen his direct appeal, in which Petitioner raised both issues (see doc. 13-1 Exh. 12), and quoted from the First Appellate District's decision denying same:

> In his application, Keeling contends that he was denied the effective assistance of counsel because his appellate counsel failed to submit assignments of error challenging the trial court's failure to conduct an "allied offenses hearing," as well as the court's imposition of, and his trial counsel's failure to object to the imposition of, separate prison terms upon his guilty pleas to five counts of [A]ggravated [R]obbery.
>
> R.C. 2941.25 did not preclude the trial court from sentencing Keeling on each [A]ggravated[][R]obbery count <u>because the record shows that each count involved a different victim.</u> Consequently, the proposed assignments

5

> of error would have provided <u>no prospect of success</u>. And appellate counsel was <u>not ineffective in failing to advance them on appeal</u>.

(Doc. 22 at 8 (quoting doc. 13-1 Exh. 14 at 2 (emphasis added by this Court)).) He noted that the "multiple punishments" aspect of the Double Jeopardy Clause involves an assessment of legislative intent, and that federal courts must defer to and are bound by a state court's construction of its own statute. (Doc. 22 at 8-9 (citing <u>Jones v. Thomas</u>, 491 U.S. 376, 381 (1989); <u>Ohio v. Johnson</u>, 467 U.S. 493, 499 (1984); <u>Missouri v. Hunter</u>, 459 U.S. 359, 366 (1983).) Thus, if a state court has determined that the state legislature "intended to authorize cumulative punishments," the federal habeas court's inquiry "is at an end[]" (doc. 22 at 9-10 (quoting <u>Volpe v. Trim</u>, 708 F.3d 688, 696 (6th Cir. 2013)). To this point the Magistrate Judge reprinted Ohio's "multiple counts" statute, Ohio Rev. Code § 2941.25, and cited to <u>State v. Brown</u>, 119 Ohio St. 3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 7, for the proposition that the General Assembly intended to permit cumulative sentencing for the commission of two or more offenses of (1) dissimilar import; or (2) similar import arising from the same incident if they were committed "separately" or with "separate" animus (doc. 22 at 10).

The Magistrate Judge acknowledged Petitioner's view that his convictions resulted from a single course of conduct, with a single intent to rob the Boy Scouts of America (doc. 22 at 11). But he recognized also that the First Appellate District considered this precise issue and determined that the General Assembly intended separate punishments for separate victims of aggravated robbery. Inasmuch as Petitioner was charged with—and convicted of—committing aggravated robbery against five separate victims,[2] no double jeopardy attached. Therefore, because a state court "clearly answered the question of legislative intent" regarding the issue, the Magistrate Judge reasoned that this federal court may not re-examine it. (Doc. 22 at 11 (citing Palmer v. Haviland, 273 F. App'x 480, 484 (6th Cir. 2008).) He further reported that the First Appellate District's adjudication of the double jeopardy issue is neither "contrary to, [nor] an unreasonable application of," Supreme Court precedents (doc. 22 at 12 (construing 28 U.S.C. § 2254(d)(1)). Accordingly, the Magistrate Judge concluded that Petitioner is not entitled to habeas relief on the first ground of his petition. And because the underlying double jeopardy claim was itself without merit, the First Appellate District

---

[2] The separate victims identified in the indictment were: (1) Boy Scouts of America; (2) John Hancock, Sr.; (3) Jack Donaldson, Sr.; (4) John Hancock, Jr.; and (5) Jackson Donaldson, Jr. (doc. 13-1, Exh. 1).

7

likewise reasonably decided that counsel was not ineffective for failing to raise it on appeal (doc. 22 at 12 (citing Davie v. Mitchell, 547 F.3d 297, 312 (6th Cir. 2008)). Thus, the Magistrate Judge likewise concluded the Petitioner is not entitled to habeas relief on the second ground of his petition either.

## II. Petitioner's Objection

The Court understands Petitioner to object only to the Magistrate Judge's recommendation with respect to Ground One. He points out that the First Appellate District's rejection of his ineffective assistance of counsel claim was based on State v. Jones (1985), 18 Ohio St. 3d 116, 118, 480 N.E.2d 408, 410, but maintains that the substantive merits of his purported double jeopardy claim instead should have been evaluated by the standard enunciated in State v. Johnson, 128 Ohio St. 3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. (See doc. 28 at 2-3.) He refers specifically to these excerpts:

> In Johnson, the Ohio Supreme Court held that "[i]t is time to return our focus to the plain language and purpose of the merger statu[t]e". Id. at ¶41. In so holding, the Ohio Supreme Court clarified the following: "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without the other. If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import. . . . If the multiple offenses can be committed by the same conduct,

> [. . .] i.e., 'a single act, committed with a single state of mind[.]' . . . If the answer to both [questions] is yes, then the offenses are allied offenses of similar import and will be merged". Johnson, at ¶48-50.

(Doc. 28 at 2-3.) Petitioner argues that the facts underlying his conviction make clear that the robbery was "committed with one animus[,] during a single course of conduct" (doc. 28 at 3). Indeed, he asserts that the prosecutor "confirmed" as much, advising the sentencing court that Petitioner "'demanded money with [his] gun and [was] led to the shed where [the Boy Scouts] kept the money'" (doc. 28 at 3 (quoting doc. 13-2, Transcript [of] Guilty Plea 7-29-08 at 9)). On this basis he contends that the First Appellate District's decision "was contrary to clearly established Supreme Court precedent[]" (doc. 28 at 3).

### III. Discussion

Petitioner correctly observes that the First Appellate District relied on Jones rather than Johnson in ruling that he had not met his burden to show a "colorable claim" of ineffective assistance of appellate counsel (see doc. 13-1, Exh. 14 at 2 & n.5). Application of Johnson, however, would not have changed the result. In that case there was only one victim, and the Supreme Court of Ohio decided, given the particular circumstances before it, that the crimes of felony murder and child endangering were allied offenses and thus subject to merger. Johnson, supra, 942 N.E.2d at ¶¶ 1-4, 53, 56. In this

case, there were five victims. Just as the Jones Court construed Ohio Rev. Code §§ 2903.06 and 2941.25 to authorize separate convictions and separate punishment for each person killed as a result of a single instance of an individual's reckless operation of his vehicle, so, too, did the First Appellate District implicitly construe Ohio Rev. Code §§ 2911.01(A)(1) and 2941.25 to authorize a separate punishment for each victim Petitioner threatened with a deadly weapon in the course of stealing the proceeds of the Boy Scouts of America Christmas tree sale.

The First Appellate District obviously issued its ruling in the context of denying Petitioner's application to reopen his direct appeal under Ohio App. R. 26(B). But the nature of Rule 26(B) is such that the underlying substantive claim must be evaluated on the merits in order to determine whether there has been ineffective assistance of counsel. Davie, supra, 547 F.3d at 315.[3] Thus, the First Appellate District necessarily addressed Petitioner's double jeopardy claim antecedent to his Sixth Amendment claim, and this Court agrees with the Magistrate Judge's recommendation that we must defer to its statutory interpretation under 28 U.S.C. § 2254(d)(1) inasmuch as it is

---

[3] We note that Respondent did not object to the Magistrate Judge's failure to address the assertion that Petitioner had procedurally defaulted Ground One of his petition, and this Court makes no ruling on this subject.

10

not "contrary to" or "an unreasonable application of" United States Supreme Court precedent.

## IV. Conclusion

This Court has considered carefully Petitioner's Objection, engaging in a de novo review of the issue he has raised. See 28 U.S.C. § 636(b)(1)(B),(C). We agree with the analysis and conclusions of the Magistrate Judge, and, for the reasons discussed above, we hereby ACCEPT, ADOPT and AFFIRM his Report and Recommendation (doc. 22). Therefore, Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (doc. 1) is DENIED WITH PREJUDICE.

Further, the Court FINDS that a certificate of appealability should not issue with respect to the claims alleged in the petition, which have been decided on the merits, because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," Slack v. Daniel, 529 U.S. 473, 483-484 (2000), and because the issues presented were inadequate "'to deserve encouragement to proceed further[,]'" id. at 484 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983) (citations and internal quotation marks omitted)). See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

Finally, we CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal of this Order would not be taken in good faith; therefore, any application made to this Court to appeal in forma

pauperis upon a showing of financial necessity will be DENIED. See Fed. R. App. P. 24(a)(3)(A); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

    SO ORDERED.


Dated:  June 3, 2014       s/S. Arthur Spiegel
                                   S. Arthur Spiegel
                                   United States Senior District Judge